B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>AFY Holding Company | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all):<br>04-3483703 | Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>55 VilCom Circle, Suite 300<br>Chapel Hill, NC  ZIP CODE 27514 | Street Address of Joint Debtor (No. and Street, City, and State):  ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Orange County | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):  ZIP CODE | Mailing Address of Joint Debtor (if different from street address):  ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):  ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- [ ] Individual (includes Joint Debtors) See Exhibit D on page 2 of this form.
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)
- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**  THIS SPACE IS FOR COURT USE ONLY
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors
| [x] 1-49 | [ ] 50-99 | [ ] 100-199 | [ ] 200-999 | [ ] 1,000-5,000 | [ ] 5,001-10,000 | [ ] 10,001-25,000 | [ ] 25,001-50,000 | [ ] 50,001-100,000 | [ ] Over 100,000 |

Estimated Assets
| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [x] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |

Estimated Liabilities
| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [x] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |

| Voluntary Petition | Name of Debtor(s): |
| --- | --- |
| *(This page must be completed and filed in every case.)* | AFY Holding Company |

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed: | Case Number: | Date Filed: |
| --- | --- | --- |
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: American Fibers and Yarns Company | Case Number: To be determined | Date Filed: 9/23/2008 |
| --- | --- | --- |
| District: District of Delaware | Relationship: wholly owned subsidiary | Judge: To be determined |

| Exhibit A | Exhibit B |
| --- | --- |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)    (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| B 1 (Official Form) 1 (1/08) | | Page 3 |
|---|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | **Name of Debtor(s):**<br>AFY Holding Company | |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>   Signature of Debtor<br><br>X _____<br>   Signature of Joint Debtor<br><br>_____<br>Telephone Number (If not represented by attorney)<br><br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>   (Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>Date |
| **Signature of Attorney***<br><br>X _/s/_____<br>   Signature of Attorney for Debtor(s)<br>   Michael R. Nestor (No. 3256)<br>Printed Name of Attorney for Debtor(s)<br>   Young Conaway Stargatt & Taylor, LLP<br><br>Address   The Brandywine Building<br>            1000 West Street, 17th Floor<br>            Wilmington, DE 19899-0391<br><br>Telephone Number   (302) 571-6600<br><br>Date  9/22/08<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>Address<br>_____<br><br>X _____<br><br>_____<br>Date |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _/s/_____<br>   Signature of Authorized Individual<br>   John R. Mays<br>Printed Name of Authorized Individual<br>   President<br>Title of Authorized Individual<br><br>Date  9/22/08 | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re: : Chapter 11
:
AFY HOLDING COMPANY, : Case No. 08-_____ (____)
a Delaware corporation, and :
: Joint Administration Pending
AMERICAN FIBERS AND YARNS COMPANY, :
a Delaware corporation, :
:
Debtors.[1] :
------------------------------------------------------------ x

## CONSOLIDATED LIST OF CREDITORS HOLDING
## LARGEST 20 UNSECURED CLAIMS

AFY Holding Company, a Delaware corporation, and its wholly owned subsidiary, American Fibers and Yarns Company, the debtors and debtors in possession in the above-captioned cases (the "Debtors") filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). This list of creditors holding the twenty (20) largest unsecured claims (the "Top 20 List") has been prepared, on a consolidated basis, from the Debtors' books and records as of September 22, 2008.

The Top 20 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 20 List does not include: (1) persons who come within the definition of an "insider" set forth in section 101(31) of the Bankruptcy Code; or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the twenty (20) largest unsecured claims.

The information presented in the Top 20 List shall not constitute an admission by, nor is it binding on, the Debtors. The information presented herein, including, without limitation (a) the failure of the Debtors to list any claim as contingent, unliquidated, disputed or subject to a setoff or (b) the listing of any claim as unsecured, does not constitute an admission by the Debtors that the secured lenders listed hold any deficiency claims, nor does it constitute a waiver of the Debtors' rights to contest the validity, priority, nature, characterization and/or amount of any claim.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AFY Holding Company ("AFY Holding") (3703) and American Fibers and Yarns Company ("American Fibers") (7687). The mailing address for each of the Debtors is 55 VilCom Circle, Suite 300, Chapel Hill, NC 27514.

| Rank | Name of creditor | Telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff[2] | | | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|---|---|
| | | | | CONTINGENT | UNLIQUIDATED | DISPUTED | |
| 1. | Basell USA, Inc. | PO Box 905019<br>Charlotte, NC 28290<br>Attn: Tom Jesiolowski<br>Phone: 713-309-6172<br>Fax: 302-731-6437 | Trade Debt | | | | $2,750,659.75 |
| 2. | Propex Inc. | 3902 Paysphere Circle<br>Chicago, IL 60674<br>Attn: Jackie Schrader<br>Phone: 423-553-2210<br>Fax: 423-899-5005 | Trade Debt | | | | $1,342,608.48 |
| 3. | Dow Chemical Company | PO Box 281760<br>Atlanta, GA 31384<br>Attn: Irene Egusquiza<br>Phone: 800-232-2436<br>Fax: 989-638-9852 | Trade Debt | | | | $1,060,335.00 |
| 4. | Standridge Color Corporation | PO Box 1086<br>Social Circle, GA 30025<br>Attn: Tish Peters<br>Phone: 770-464-3362<br>Fax: 770-464-2202 | Trade Debt | | | | $496,798.57 |
| 5. | Decatur County Tax Commission | PO Box 246<br>Bainbridge, GA 39818<br>Attn: Don Belcher<br>Phone: 229-248-3021<br>Fax: 229-248-3053 | Taxes | | | | $297,067.04 |
| 6. | Sonoco Products Company | 91218 Collection Center Drive<br>Chicago, IL 60693<br>Attn: Rhonda Tedder<br>Phone: 888-875-8754<br>Fax: 843-339-6803 | Trade Debt | | | | $249,492.28 |

---

[2] As noted above, the Debtors reserve their rights to dispute the claims on this schedule on any basis.

| Rank | Name of creditor | Telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff[2] | | | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|---|---|
| | | | | CONTINGENT | UNLIQUIDATED | DISPUTED | |
| 7. | Smurfit-Stone Container Enterprises, Inc. | PO Box 409813<br>Atlanta, GA 30384<br>Attn: Mercy Angell<br>Phone: 770-482-1433<br>Fax: 770-482-1746 | Trade Debt | | | | $89,336.40 |
| 8. | SSC Industries | PO Box 888387<br>Atlanta, GA 30356<br>Attn: Accts Receivable Dept.<br>Phone: 404-559-6000<br>Fax: 404-559-6039 | Trade Debt | | | | $84,044.73 |
| 9. | Pulcra Chemicals LLC | PO Box 534464<br>Atlanta, GA 30353<br>Attn: Jim McBride<br>Phone: 513-482-3000<br>Fax: 704-945-8804 | Trade Debt | | | | $80,038.80 |
| 10. | Great American Insurance Companies | PO Box 691516<br>Cincinnati, OH 45269<br>Phone: 800-467-7725<br>Fax: 540-828-5463 | Insurance Services | | | | $72,729.89 |
| 11. | Central Virginia Electric Cooperative | PO Box 247<br>Lovingston, VA 22949<br>Attn: Accts Receivable Dept.<br>Phone: 800-367-2832<br>Fax: 434-263-8339 | Utility Services | | | | $53,224.74 |
| 12. | Ingersoll Rand Company Air Solutions | PO Box 75817<br>Charlotte, NC 28275<br>Attn: Patty Stanton<br>Phone: 704-655-5180<br>Fax: 615-248-1970 | Trade Debt | | | | $40,967.79 |
| 13. | Dynamic Modifiers LLC | PO Box 43013<br>Atlanta, GA 30336<br>Attn: Howard Bradshaw<br>Phone: 404-349-0900<br>Fax: 404-349-6042 | Trade Debt | | | | $39,496.86 |

| Rank | Name of creditor | Telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | CONTINGENT | UNLIQUIDATED | DISPUTED | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|---|---|
| 14. | Estes Express Lines | PO Box 25612<br>Richmond, VA 23260<br>Attn: Accts Receivable Dept.<br>Phone: 804-232-6793<br>Fax: 804-353-8001 | Trade Debt | | | | $35,620.56 |
| 15. | Americhem Dalton Subsidiary Inc. | 2000 Americhem Way<br>Cuyahoga Falls, 44221<br>Phone: 706-279-3465<br>Fax: 706-281-1556 | Trade Debt | | | | $31,162.90 |
| 16. | ACDC Electrical Supply Co. Inc. | PO Box 496<br>Nashville, GA 31639<br>Attn: Accts Receivable Dept.<br>Phone: 229-686-6438<br>Fax: 229-686-6366 | Trade Debt | | | | $28,665.04 |
| 17. | Georgia Power Company | 96 Annex<br>Atlanta, GA 30396-0001<br>Attn: Jay Wells<br>Phone: 229-248-4207<br>Fax: 229-248-4201 | Utility Services | | | | $25,063.48 |
| 18. | Purolator EFP | PO Box 849815<br>Dallas, TX 75284<br>Attn: Accts Receivable Dept.<br>Phone: 713-977-0610<br>Fax: 713-977-1318 | Trade Debt | | | | $24,335.67 |
| 19. | Fi-Tech, Inc. | 501 Research Road<br>Richmond, VA 23236<br>Attn: Accts Receivable Dept.<br>Phone: 804-794-9615<br>Fax: 804-794-9514 | Trade Debt | | | | $20,386.47 |
| 20. | Ropes & Gray LLP | One International Place<br>Boston, MA 02110-2624<br>Attn: Win Minot<br>Phone: 617-951-7364<br>Fax: 617-235-0076 | Legal Services | | | | $20,340.00 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                            :   Chapter 11
                                                  :
AFY HOLDING COMPANY,                              :   Case No. 08-_____ (____)
a Delaware corporation, and                       :
                                                  :   Joint Administration Pending
AMERICAN FIBERS AND YARNS COMPANY,                :
a Delaware corporation,                           :
                                                  :
            Debtors.[1]                           :
---------------------------------------------------------------- x

## DECLARATION CONCERNING THE DEBTORS' CONSOLIDATED LIST OF CREDITORS HOLDING THE 20 LARGEST UNSECURED CLAIMS

I, John R. Mays, President of AFY Holding Company, a Delaware corporation, and an entity named as a debtor in this case, and the 100% owner of American Fibers and Yarns Company, declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing Consolidated List of Creditors Holding the 20 Largest Unsecured Claims submitted herewith and that the information contained therein is true and correct to the best of my knowledge, information and belief.

Date: September 22, 2008

_____
John R. Mays
President
AFY Holding Company

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AFY Holding Company ("AFY Holding") (3703) and American Fibers and Yarns Company ("American Fibers") (7687). The mailing address for each of the Debtors is 55 VilCom Circle, Suite 300, Chapel Hill, NC 27514.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       : Chapter 11
                                                             :
AFY HOLDING COMPANY,                                         : Case No. 08-_____ (____)
a Delaware corporation, and                                  :
                                                             : Joint Administration Pending
AMERICAN FIBERS AND YARNS COMPANY,                           :
a Delaware corporation,                                      :
                                                             :
                        Debtors.¹                            :
------------------------------------------------------------ x

## LIST OF EQUITY SECURITY HOLDERS OF
## AFY HOLDING COMPANY

| Shareholder | Class/Shares | Percentage of Outstanding Shares |
|---|---|---|
| Monitor Clipper Equity Partners I, L.P.<br>Two Canal Park<br>Cambridge, MA 02141 | Class A Common - 65,331<br><br>Class B Common - 388,752<br><br>Class C Common - 97,788<br><br>Class D Common - 168,000 | 46.31% (Class A Common)<br><br>57.80% (Class B Common)<br><br>84.10% (Class C Common)<br><br>81.55% (Class D Common) |
| Monitor Clipper Equity Partners I (F), L.P.<br>Two Canal Park<br>Cambridge, MA 02141 | Class A Common - 12,349<br><br>Class B Common - 73,480<br><br>Class C Common - 18,482<br><br>Class D Common - 32,000 | 8.75% (Class A Common)<br><br>10.92% (Class B Common)<br><br>15.90% (Class C Common)<br><br>15.53% (Class D Common) |
| Monitor Company, Inc.<br>Two Canal Park<br>Cambridge, MA 02141 | Class A Common - 27,387<br><br>Class B Common - 8,259<br><br>Class D Common - 5,000 | 19.41% (Class A Common)<br><br>1.23% (Class B Common)<br><br>2.43% (Class D Common) |

---

¹ The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, are: AFY Holding Company ("AFY Holding") (3703) and American Fibers and Yarns Company ("American Fibers") (7687). The mailing address for each of the Debtors is 55 VilCom Circle, Suite 300, Chapel Hill, NC 27514.

| Shareholder | Class/Shares | Percentage of Outstanding Shares |
|---|---|---|
| Michael W. Apperson | Class B Common - 200,000 | 29.74% (Class B Common) |
| | Class D Common - 1,000 | .49% (Class D Common) |
| | Class F Common - 7,500 | 54.35% (Class B Common) |
| JPMorgan Chase Bank<br>Attn: Melissa X. Barnes<br>277 Park Avenue, 8th floor<br>New York, NY 10172 | Class E Common - 3,878 | 25.85% (Class E Common) |
| SunTrust Bank<br>c/o JPMorgan Chase Bank<br>Attn: Melissa X. Barnes<br>277 Park Avenue, 8th floor<br>New York, NY 10172 | Class E Common - 3,367 | 22.45% (Class E Common) |
| Toronto Dominion (Texas), Inc.<br>c/o JPMorgan Chase Bank<br>Attn: Melissa X. Barnes<br>277 Park Avenue, 8th floor<br>New York, NY 10172 | Class E Common - 2,908 | 19.39% (Class E Common) |
| Wachovia Bank, N.A.<br>c/o JPMorgan Chase Bank<br>Attn: Melissa X. Barnes<br>277 Park Avenue, 8th floor<br>New York, NY 10172 | Class E Common - 2,908 | 19.39% (Class E Common) |
| Finova Capital Corporation<br>c/o JPMorgan Chase Bank<br>Attn: Melissa X. Barnes<br>277 Park Avenue, 8th floor<br>New York, NY 10172 | Class E Common - 1,939 | 12.93% (Class E Common) |
| Frank G. Andrusko | Class A Common - 18,000 | 12.76% (Class A Common) |
| | Class B Common - 700 | .10% (Class B Common) |
| Theodore L. Kelly | Class A Common - 9,000 | 6.38% (Class A Common) |
| | Class B Common - 500 | .07% (Class B Common) |

| Shareholder | Class/Shares | Percentage of Outstanding Shares |
|---|---|---|
| Bryant J. Armistead | Class A Common - 9,000 | 6.38% (Class A Common) |
| | Class B Common - 100 | .01% (Class B Common) |
| | Class F Common - 1,250 | 9.06% (Class F Common) |
| James T. Morelli | Class F Common - 2,600 | 18.84% (Class F Common) |
| John R. Mays | Class F Common - 1,800 | 13.04% (Class F Common) |
| G. Stephen Felker<br>P.O. Box 202<br>High Shoals, GA 30645 | Class F Common - 350 | 2.54% (Class F Common) |
| Ralph Willard | Class F Common - 200 | 1.45% (Class F Common) |
| Matthew J. Miller | Class F Common - 100 | .72% (Class F Common) |
| Ken Barnett | Class B Common - 300 | .04% (Class B Common) |
| Tim Myers | Class B Common - 500 | .07% (Class B Common) |

DB02:7225687.1　　　　　067667.1001

## DECLARATION REGARDING
## LIST OF EQUITY SECURITY HOLDERS

      I, John R. Mays, President of AFY Holding Company, a Delaware corporation, and an entity named as a debtor in this case, and the 100% owner of American Fibers and Yarns Company, declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing List of Equity Security Holders of AFY Holding Company and that the information contained therein is true and correct to the best of my knowledge, information and belief.

Date: September 22, 2008

_____
John R. Mays
President
AFY Holding Company

# UNANIMOUS WRITTEN CONSENT OF THE DIRECTORS OF AFY HOLDING COMPANY IN LIEU OF A MEETING

THE UNDERSIGNED, being all of the directors of AFY Holding Company, a Delaware corporation (the "Company"), hereby consent to and adopt the following resolutions, and direct that this writing be filed with the minutes of proceedings of the Company's Board of Directors, pursuant to the provisions of Section 141(f) of the General Corporation Law of the State of Delaware:

WHEREAS, the Board of Directors of the Company has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's products and services, the textile industry and credit market conditions; and

WHEREAS, the Board of Directors has received, reviewed and considered the recommendations of the senior management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of Title 11 of the United States Code;

NOW, THEREFORE, BE IT RESOLVED that, in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, stockholders and other interested parties, that a voluntary petition (the "Petition") be filed by the Company under the provisions of Title 11 of the United States Code; and it is further

RESOLVED, that the Company shall execute and file all petitions, schedules, lists and other papers or documents, and to take any and all action, that are reasonable, advisable, expedient, convenient, necessary or proper to obtain such relief; and it is further

RESOLVED, that John R. Mays of the Company (the "Designated Officer") be, and hereby is, acting alone, authorized, directed and empowered, on behalf of and in the name of the Company (i) to execute and verify the Petition as well as all other ancillary documents and to cause the Petition to be filed with the United States Bankruptcy Court for the District of Delaware and to make or cause to be made prior to the execution thereof any modifications to the Petition or ancillary documents, and (ii) to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and it is further

RESOLVED, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") be, and hereby is, authorized and empowered to represent the Company as its general bankruptcy counsel and to represent and assist the Company in carrying out its duties under Title 11 of the United States Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the bankruptcy case commenced by the Company; and in connection therewith, the Designated Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

RESOLVED, that RAS Management Advisors, LLC ("RAS Management"), be, and hereby is, authorized and empowered to serve as financial advisor to the Company with regard to the bankruptcy case commenced by the Company; and in connection therewith, the Designated Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of RAS Management; and it is further

RESOLVED, that National City Capital Markets ("National City"), be, and hereby is, authorized and empowered to serve as investment banker to the Company with regard to the bankruptcy case commenced by the Company; and in connection therewith, the Designated Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of National City; and it is further

RESOLVED, that Epiq Bankruptcy Solutions, LLC ("Epiq") be, and hereby is, authorized and empowered to serve as the notice, claims, solicitation and balloting agent in connection with the bankruptcy case commenced by the Company; and in connection therewith, the Designated Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of Epiq; and it is further

RESOLVED, that the Designated Officer be, and hereby is, authorized and directed to employ any other individual and/or firm as professionals or consultants or financial advisors to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under Title 11 of the United States Code, and in connection therewith, the Designated Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

RESOLVED, that the officers of the Company be, and hereby are, authorized and empowered to obtain post-petition financing according to terms negotiated, or to be negotiated, by the management of the Company, including under debtor-in-possession credit facilities or relating to the use of cash collateral; and to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreements; and in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents; and it is further

RESOLVED, that to the extent authorized by the Board of Directors, each and every officer of the Company be, and each of them acting alone hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to (a) take such further actions and execute and deliver such certificates, instruments, guaranties, notices and documents as may be required or as such officer may deem necessary, advisable or proper to

DB02:7226051.3

067667.1001

carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, and (b) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Company; and it is further

RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of management and the Board of Directors, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, all of the Directors of the Company have executed this Action on the date or dates written below.

DIRECTORS:

_____
William L. Young
Date: September 4, 2008


_____
Peter Laino
Date: September ___, 2008


_____
Douglas Rohall
Date: September ___, 2008


_____
G. Stephen Felker
Date: September ___, 2008

carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, and (b) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Company; and it is further

RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of management and the Board of Directors, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, all of the Directors of the Company have executed this Action on the date or dates written below.

DIRECTORS:

_____
William L. Young
Date: September ___, 2008

_____*(signature)*_____
Peter Laino
Date: September 4, 2008

_____
Douglas Rohall
Date: September ___, 2008

_____
G. Stephen Felker
Date: September ___, 2008

carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, and (b) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Company; and it is further

RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of management and the Board of Directors, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, all of the Directors of the Company have executed this Action on the date or dates written below.

DIRECTORS:

---
William L. Young
Date: September ___, 2008

---
Peter Laino
Date: September ___, 2008

---
Douglas Rohall
Date: September 4, 2008

---
G. Stephen Felker
Date: September ___, 2008

3

carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, and (b) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Company; and it is further

RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of management and the Board of Directors, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, all of the Directors of the Company have executed this Action on the date or dates written below.

DIRECTORS:

_____
William L. Young
Date: September ___, 2008


_____
Peter Laino
Date: September ___, 2008


_____
Douglas Rohall
Date: September ___, 2008


_____*G. Stephen Felker*_____
G. Stephen Felker
Date: September 3, 2008

# AFY HOLDING COMPANY
## SECRETARIAL CERTIFICATE

The undersigned, John R. Mays, Secretary of AFY Holding Company (the "Company"), a Delaware corporation, hereby certifies as follows:

1. I am duly qualified and elected Secretary of the Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of the Company.

2. Attached hereto is a true and complete copy of the Unanimous Written Consent of the Directors of AFY Holding Company in Lieu of a Meeting (the "Consent"), as executed by all of the directors of the Company.

3. The resolutions set forth in the Consent have not been amended, altered, annulled, rescinded or revoked and are in full force and effect as of the date hereof. There exist no other subsequent resolutions of the Board of Directors of the Company relating to the matters set forth in the Consent.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the [4]th day of September 2008.

John R. Mays
Secretary
AFY Holding Company